IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02449-PAB-STV

SHANA TROYER,

    Plaintiff,

v.

MARATHON PETROLEUM COMPANY LP,

    Defendant.

---

## MOTION TO DISMISS WITHOUT PREJUDICE OR STAY DEFENDANT'S CLAIMED COSTS

---

Plaintiff, Shana Troyer, by and through her attorneys at KONTNIK | COHEN, LLC, submits this Motion to Dismiss without Prejudice or Stay Defendant's Claimed Costs and states as follows:

**Conferral:** Undersigned has conferred with counsel for Defendant, who has indicated that it is still waiting to confirm a position with their client.

### PROCEDURAL HISTORY

1. On July 15, 2024, this Court entered summary judgment with respect to Plaintiff's Title VII Claim under 28 U.S.C. § 1331. [ECF 95]. The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, which were dismissed without prejudice, and the Court noted that Plaintiff could refile the same in state court. *Id*. at 36. After granting summary judgment with respect to the Title VII claim, the Court entered a final judgment in favor of Defendant. [ECF 96].

2. On July 26, 2024, Plaintiff filed a lawsuit in the Denver District Court (Case No. 24CV032297) asserting her state law claims, which the Court declined to address in its summary judgment order. Defendant's counsel waived and accepted service on behalf of Defendant, and the waiver was filed on August 12, 2024.

3. On August 22, 2024, Defendant removed Denver District Court Case No. 24CV032297 back to the United States District Court for the District of Colorado. *See Troyer v. Marathon Petroleum Company, LP*, Case No. 1:24-cv-02322-KAS.

4. As noted in Defendant's Affidavit of Costs and the Reply, the parties have conferred about Defendant's claimed costs and Plaintiff did not object to the claimed costs; however, undersigned noted that it planned, at the time, to object to an entry of an order of costs pending the resolution of the state court action. Now, however, given the recent removal Plaintiff is still evaluating whether it will seek to remand the case or seek to consolidate this proceeding with the new U.S.D.C. proceeding.

5. To the extent Plaintiff elects to remand this case and is successful, Plaintiff requests that this Court decline to issue a final order regarding costs under *Colorado River* until the state law claims are resolved on the merits. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 (1976).

6. To the extent Plaintiff does not elect to seek to remand or remand is not successful, Plaintiff may seek to consolidate the parallel actions or take other measures to ensure judicial efficiency. Either way Plaintiff respectfully requests that this Court enter a temporary STAY and ORDER the parties to submit a Joint Status Report within Fourteen (14) days after the deadline to seek remand has lapsed or within Fourteen (14) days after the Court issues an

order with respect to a potential Motion to Remand the concurrent U.S.D.C. Colorado proceeding. *See Troyer*, Case No. 1:24-cv-02322-KAS.

## ARGUMENT

7. First, when deciding whether to exercise jurisdiction in parallel proceedings, the district courts consider whether (1) whether either court has assumed jurisdiction, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, and (4) the order in which the courts obtained jurisdiction. *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994). Ultimately, although federal jurisdiction is favored, the district courts have discretion and must evaluate the circumstances of each case to ensure that an order will result in "wise judicial administration." *Id.*

8. In addition to the foregoing factors, courts have also considered, the vexatious or reactive nature of either the federal or state action, whether federal law provides the rule of the decision, and the adequacy of the state court action to protect the plaintiff's rights. *Id.* (citations omitted). Some courts have also considered whether a party has engaged in impermissible forum-shopping. *Id*. (citation omitted).

9. Plaintiff respectfully submits that exercising jurisdiction to award costs in this case without permitting Plaintiff's state law claims to proceed to final adjudication in state court would be contrary to the purpose of the *Colorado River* doctrine based on the circumstances of this case. Although this Court exercised its jurisdiction over Plaintiff's Title VII claims, it declined to exercise jurisdiction over Plaintiff's state law claims, which include a claim under C.R.S. 24-34-402.5 (Colorado's legal off duty statute). Critically, Plaintiff did not assert a federal claim for legal off duty activities, and, upon information and belief, there is no federal

law related to the same. Thus, to properly determine the prevailing party, this court or the Denver District Court must first determine whether Plaintiff prevails on the foregoing claim.

10. Next, a final award of costs in the federal forum prior to the adjudication of the state law claims is an inconvenience to both parties and this Court because of the parallel state action. *See supra* at ¶ 2. If this Court does not stay or dismiss an award of costs without prejudice, and Plaintiff prevails on the state law claim, this Court's award of costs will directly conflict with Colorado State law, and the Colorado Rules of Civil Procedure. *See* C.R.S. § 24-34-402.5(2)(b)(I); C.R.S. § 13-16-104; C.R.C.P. 54(d); *see also Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 945 (10th Cir. 2020). The foregoing will create a complex host of legal issues, which simply put, need not be addressed at this time should the Court dismiss the claimed costs without prejudice or stay the same pending a final resolution of the state law claims.

11. Third, in addition to avoiding complex and unnecessary briefing on legal issues, because the Plaintiff has refiled her state law claims, a dismissal without prejudice or a stay will avoid a piecemeal resolution of the claims. *Fox*, 16 F.3d at 1082. If, for example, Defendant prevails on Plaintiff's state law claims at summary judgment, then Defendant can simply refile or revive its claimed costs and the parties, and this Court, will not need to waste substantial time and resources briefing the issues identified herein.

12. Fourth, Defendant obtained an award in federal court but as noted above, the state law claim still needs to be adjudicated and it is unclear whether it will be adjudicated in state or federal court at this juncture. If the Denver District Court adjudicates the state law claim, then this Court should consider the same as part of an order on costs. Simply put, it does not make

sense to issue a final order on costs prior to the final adjudication of all the claims.

13. This is not a situation where Plaintiff has asserted vexatious state law claims or engaged in impermissible forum shopping. Had it wished to, this Court could have exercised jurisdiction over Plaintiff's state law claims and simply chose not to. It would be contradictory for the district court to exercise jurisdiction over a final award on costs and award the same when it may directly contradict state law. *See supra* at ¶ 8. A dismissal without prejudice or a stay in this case will lead to a more efficient resolution of the lawsuit.

14. To the extent, the parallel U.S.D.C. Colorado claim remains in federal court, Plaintiff anticipates that it will seek to either consolidate the claims or seek a more efficient manner of resolution. It makes little sense for the parties or the Court to proceed with two cases in the same court over the same issues.

15. Neither party will be prejudiced by a dismissal without prejudice. As noted by Defendant, Plaintiff has not contested the actual costs themselves. Any future proceedings, either through refiling or through lifting a stay, will be relatively straightforward.

16. Under the circumstances of this case, and to promote judicial efficiency, Plaintiff respectfully requests that this Court either dismiss Defendant's costs without prejudice, or STAY the same, and ORDER the parties to submit a Joint Status Report within Fourteen (14) days after the deadline to seek remand has lapsed or within Fourteen (14) days after the Court issues an order with respect to a potential Motion to Remand the concurrent U.S.D.C. Colorado proceeding. *See Troyer*, Case No. 1:24-cv-02322-KAS.

## **CONCLUSION**

**WHEREFORE**, the Plaintiff respectfully requests that this Court DISMISS Defendant's

costs without prejudice, or in the alternative, STAY a final Order of Defendant's claimed costs.

Respectfully submitted this 23rd day of August 2024.

                                                              Respectfully submitted,

                                                              Kontnik | Cohen, LLC

                                                              *s/ Spencer J. Kontnik*
                                                              Spencer J. Kontnik
                                                              Matthew L. Fenicle
                                                              201 Steele Street, Suite 210
                                                              Denver, Colorado 80206
                                                              Phone: (720) 449-8448
                                                              Fax: (720) 223-7273
                                                              E-mail: skontnik@kontnikcohen.com
                                                              E-Mail: mfenicle@kntnikcohen.com
                                                              *Attorneys for Plaintiff*